**Xuanpei GE, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**Docket No. 03–40706.**

United States Court of Appeals,
Second Circuit.

Sept. 9, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as Respondent.

Thomas v. Massucci, New York, NY, for Appellant.

H.E. Cummins, United States Attorney for the Eastern District, of Arkansas (Stacey E. McCord, Assistant United States Attorney), Little Rock, AR., for Appellee, of counsel.

Present: MESKILL, SACK, BD. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be, and it hereby is, DENIED.

The petitioner was ordered removed by an immigration judge (IJ) after the petitioner failed to appear at his removal hearing. The petitioner filed a motion to reopen proceedings, asserting that the "immigration service agency" that he had hired to prepare his asylum application had advised him not to attend the hearing. The petitioner represented that the agency had informed him that the IJ to which his case had been assigned was a "very mean and bad [j]udge," Petitioner's Br. at 3, and that the petitioner would be placed in custody at the hearing.

The IJ denied the petitioner's motion to reopen on the ground that he chose not to appear with full knowledge of the consequences and that this circumstance was not exceptional and beyond the petitioner's control such as to warrant reopening. The petitioner appealed to the Board of Immigration Appeals (BIA). The BIA dismissed the appeal. It agreed with the IJ that the petitioner had not established exceptional circumstances because, although he decided not to appear at the hearing

based on the agency's advice, the notice to appear that he had received informed him of the relevant hearing procedures and the consequences of not appearing.

The petitioner filed a motion to reconsider the dismissal of his appeal with the BIA. The BIA denied the motion, concluding that petitioner had failed to identify any particular error of law or fact and instead had simply reiterated the arguments made on appeal. The petitioner seeks review in this Court.

"We review for abuse of discretion the BIA's denial of a motion to reconsider." *Zhong Guang Sun v. DOJ*, 421 F.3d 105, 107–08 (2d Cir.2005). "Thus, we will uphold the decision if it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* (internal quotation marks and citations omitted). "[A] motion for reconsideration must specify the errors of fact or law in the Board's decision and be supported with pertinent authority." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 90 (2d Cir.2001); *see also* 8 C.F.R. § 1003.2(b)(1).

The petitioner asserts that the BIA's decision to deny his motion for reconsideration was an abuse of discretion because, he contends, it did not address an argument that petitioner asserts he raised for the first time in his motion for reconsideration: that "the IJ and [BIA] both engaged in unfounded presumption and conjecture when finding the [p]etitioner to have 'chosen,' with 'full knowledge' to not attend his hearing." Petitioner's Br. at 5. The petitioner asserts that the BIA, in stating that he had done no more than reiterate the arguments he made on appeal, failed to consider this "new" argument, thus rendering its decision arbitrary and capricious. In his appellate brief before the BIA, the petitioner argued that the IJ erred in determining that petitioner's decision not to attend the hearing was "an exercise of [his] own judgment when

[the petitioner] did not himself have any expertise in this area and was relying solely upon the advice of his representative." Petitioner's BIA Appellate Br. at 3. We see no difference between this argument and his contention that the BIA erred in concluding that he chose to avoid the hearing based on "full knowledge."

The petitioner's contention that his assertion constituted a new argument and that the BIA's decision was arbitrary and capricious because it failed to consider that argument thus fails. The petitioner has not elicited any *other* argument before this court to support his contention that the BIA abused its discretion in denying his motion for reconsideration.

For the foregoing reasons, the petition for review is hereby DENIED.